### A. J. ROE v. P. G. HOLBERT.

#### (No. 3387.)

APPEAL from Dallas County. Opinion by DAVIDSON, J.

MORGAN & FREEMAN and MCDONALD & STONE, counsel for appellant.

MCCORMICK & SPENCE and E. M. BROWDER, counsel for appellee.

§ **293.** *Pleading; amendment of on appeal to county court held not to set up new cause of action.* This suit was instituted by appellant in the justice's court upon an open account for rent. Appellant at the same time sued out a distress warrant, and filed the necessary affidavit and bond. In that court appellee pleaded an offset to the account. On the trial in said court, appellee recovered a judgment, and from this judgment appellant prosecuted this appeal to the county court. In the latter court appellant filed his amended petition, setting up the fact that a promissory note had been given by appellee in liquidation of the said account; that said note had been lost after maturity, while he was the legal owner and holder thereof; that the balance due on said note was $125; and that it was given for the same debt as that stated in the account upon which this suit was originally based. This amendment was promptly excepted to by appellant, which exception was sustained by the court, and the pleading stricken out. The appellant declined to further amend. Judgment was rendered in favor of appellee for his costs, and from this judgment this appeal is prosecuted. The exception was based upon the ground that the amended pleading set up a new cause of action in the county court.

We are of opinion that the court erred in sustaining the exception. The amendment did not set up a new

cause of action from that originally sued upon. It was the same debt, the same transaction, the same cause of action, and for the same amount. Blum v. Mays, White & W. Civil Cas., § 475, is a case directly in point. For the error indicated the judgment is reversed and the cause remanded.

February 13, 1892.      Reversed and remanded.